UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **CHARLES TREVOR BREATON,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:04cv0165 AS |
| | ) | |
| **CLP HEALTH AND WELFARE PLAN** | ) | |
| and its Plan Administrator, | ) | |
| **CONNELL LIMITED PARTNERSHIP,** | ) | |
| and | ) | |
| **LIBERTY LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| Defendants | ) | |

*MEMORANDUM OPINION AND ORDER*

This court has now heard oral argument on the cross motions for summary judgment in this case twice and greatly appreciates the patience and cooperation of all counsel in that process. As a preliminary matter, the plaintiffs have explicitly given up any claim based on breach of a fiduciary duty. That was made clear again in the most recent proceedings before the court.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson*

addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue.

*Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendants' motion.

The standards that may be involved when cross motions for summary judgment are involved deserves close attention. If one or the other of the motions for summary judgment demonstrate a genuine issue of material fact, such judgment may not be entered. *See Zook v. Brown*, 748 R.2d 1161 (7th Cir. 1984). However, if facts are not in dispute, summary judgment may be appropriate. *See Martin Marietta Materials S.W., Ltd. v. St. Paul Guardian Ins. Co.*, 145 F.Supp.2d 794 (D.C. Tex. 2001). *See also Cohn v. United States*, 240 F.Supp. 786 (N.D. Ind. 1965), and *Brinson v. Brinson*, 334 F.2d 155 (4th Cir. 1964). If there is no genuine issue of fact, and one or the other party is entitled to prevail as a matter of law, the court may render a judgment under Rule 56, Federal Rules of Civil Procedure (Fed.R.Civ.P.).

When it is all said and done, there is little of real factual disputes here. The disputes are largely questions of law interpreting certain basic facts. This plaintiff had a lengthy employment with Wabash Alloys. In or around November 18, 2001, he became eligible for short-term disability benefits and received those benefits for approximately six months. Beginning on or about May 18, 2002, he began receiving long-term disability benefits. Which continued until April 18, 2003 at which time his long-term benefits were terminated by Liberty Assurance Company. He underwent a Functional Capacity Examination in March 2003. On April 18, 2003, Liberty provided him with a letter involving that the reason for terminating his benefits was that he was "capable of performing activities consistent with a

light level of functioning on a full-time basis." He timely appealed the termination and secured a letter from Dr. P. James McCann, h is treating physician. That letter is available for all to examine and certainly enures to the benefit of this plaintiff. There are additional details of the dealings with Dr. McCann and the plaintiff with follow-up details when a Dr. Howard Schule gets in the act. Dr. Howard Schule's analysis of this plaintiff's condition also basically enures to his benefit. As indicated in the proceedings before the court, one has to look to this group disability income policy for definitions of disability and disabled and the same is as follows:

> "If the covered person is eligible for the 24 month Own Occupation Benefit, "**Disability**" or "**Disabled**" means during the Elimination Period and the next 24 months of Disability the Covered Person is unable to perform all of the material and substantial duties of his occupation on an Active Employment basis because of an Injury or Sickness."

Necessarily, the federal question jurisdiction of this case is under 29 U.S.C. §1132, ERISA. There is no basis for jurisdiction here under 28 U.S.C. §1332, namely diversity of citizenship. The Supreme Court of the United States weighed in on issues under ERISA in a case emanating from the Third Circuit in *Firestone & Tire Rubber Co. v. Bruch*, 489 U.S. 101 (1989). The arbitrary and capricious standard thus emerges. This court does not conceive that this plaintiff is not eligible for benefits under ERISA.

Although it is a much closer case, this court is constrained to find that there is enough in this record to establish for this plaintiff the arbitrary and capricious standard. On its own, this court has looked into whether the cited case of *Hackner v. Long Term Disability Plan*

*for Employees of Havi Group, LP*, decided in an unpublished order by the Court of Appeals for the Seventh Circuit on November 17, 2003 and the denial of rehearing on December 5, 2003 is one that cannot be cited under Circuit Rule 53 of the Appellate Rules of the Seventh Circuit, and therefore cannot be the basis of a decision here.  However, such is not the case with *Helpin v. W.W. Grainger, Inc.*, 962 F.2d 685 (7th Cir 1992).  *Helpin* most certainly does support the plaintiff in this case.  *Helpin* is specific authority for this court to act under 29 U.S.C. §1132(a)(1)(B).  Of some moment here are the final two sentences in the *Helpin* decision at 962 F.2d 697-8, which states: "Grainger remains free in the future to initiate further review of Mr. Helpin's continued eligibility for long-term disability benefits.  However, on the basis of the process undertaken so far, it cannot be permitted to terminate benefits previously awarded."

So it is also in this case.  For a similar case and result in another circuit, *see Mitchell v. Eastman Kodak Co.*, 113 F.3d 433 (3rd Circuit 1997).  The factual setting and record in this case is significantly different than in *Little v. Cox's Supermarkets*, 71 F.3d 637 (7th Cir. 1995).  As indicated above, the citation and reliance on unpublished memorandum decisions is verboten under Rule 53 of the Circuit Rules in the Seventh Circuit.  Thus, the defendants' efforts to rely on *Washington v. Ameritech Sickness and Accident Disability Benefit Plan*, and the unpublished memorandum decision of the Seventh Circuit entered on May 29, 2003 is likewise not in the mix of authorities for this case.

This court has also given close attention to *Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). In that case, Justice Ginsburg, speaking for the court, contrasts the status of treating physical opinions in social security disability cases with those under ERISA. Such is certainly a binding precedent here. The basic teaching of *Black & Decker Disability Plan* is that each opinion rendered by a treating physician under ERISA must rest on its own bottom with no inference or presumption either way. Certainly that does not countenance ignoring the opinion of a treating physician and it needs to be added that there is considerably more to support this plaintiff's claim in this case than that of a treating physician.

A final comment in that Supreme Court opinion is revealing:

> "Plan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician. But, we hold, courts have no warrant to require administrators automatically to accord special weight to the opinions of the claimant's physicians; nor may courts impose on plan administrators a discreet burden of examination when they credit reliable evidence that conflicts with a treating physician's evaluation."

At this point, footnote four was dropped in which stated:

> "Nord asserts that there are two treating physician rules: a 'procedural' rule, which requires a hearing officer to explain why she rejected the opinions of a treating physician, and a 'substantive' rule, which requires that 'more weight' be given to the medical opinions of a treating physician. Brief for Respondent 12-13 (internal quotation marks omitted). In this case, Nord contends the Court of Appeals applied only the :procedural version of the rule. *Id.*, at 13. We are not certain that Nord's reading of the Court of Appeals decision is correct.

> See 296 F.3d, at 831 (faulting the Plan for, *inter alia*, having '[n]o evidence ... that Nord's treating physicians considered inappropriate factors in making their diagnosis or that Nord's physicians lacked the requisite expertise to draw their medical conclusions'). At any rate, for the reasons explained in this opinion, we conclude that ERISA does not support judicial imposition of a treating physician rule, whether labeled 'procedural' or 'substantive.'"

This court does not conceive that the reasoning and result in *Militello v. Central States, Southeast and Southwest Areas Pension Fund*, 360 F.3d 681 (7th Cir. 2004) is binding here since the factual setting of that case including the age of the claimant requires considerations there that are not present here. Also, the factual record here is far more extensive and therefore relevant than that found in *Cuddington v. Northern Indiana Public Service co. (NIPSCO)*, 33 F.3d 813 (7th Cir. 1994).

For all of these reasons, the plaintiff Charles Trevor Breaton, is now entitled to summary judgment under Rule 56, Fed. R.Civ.P. as against defendants CLP Health and Welfare Plan and its Plan Administrator, Connell Limited Partnership, and Liberty Life Assurance Company of Boston. Judgment shall enter accordingly with each party bearing its own costs. **IT IS SO ORDERED**.

**DATED:** August 29, 2005

         **S/ ALLEN SHARP**
         **ALLEN SHARP, JUDGE**
         **UNITED STATES DISTRICT COURT**